# SUPERIOR COURT OF BALTIMORE CITY.

Filed March 31, 1924.

See 149 Md. 121, sustaining demurrer to second amended declaration.

FREDERICK C. STEINWEDEL
VS.
WILLIAM F. HILBERT, ET AL.

*Irving H. Mezger* and *Geo. S. Yost* for plaintiff.

*Walter C. Mylander* for defendant owners.

*Benzinger & Dinneen* for defendants lessee.

FRANK, J.—

By the almost unanimous consent of authority, at common law and independently of statute, a fireman entering upon private premises in pursuance of his duties is a bare licensee. The occupant of the premises is liable to him for injuries received only where such injuries were wantonly inflicted or might have been prevented by the exercise of reasonable care on part of the occupant after the fireman's danger was seen. 29 Cyc. 452; Notes 30 L. R. A. (N. S.) 60; L. R. A. 1916B 792; 13 A. L. R. 633.

Where negligence only is relied on as in the case at bar, and such negligence is predicated upon the violation of a duty imposed by ordinance, the burden is on the plaintiff to allege and prove:

1. That the ordinance was designed for the protection of firemen as a class.

2. That he, the plaintiff, comes within the class of firemen.

In neither of these respects is the second count of the declaration adequate. The ordinance so far as described does not affirmatively appear to have been intended to protect firemen nor is the allegation that it was the duty of the plaintiff to respond to fire alarms anything more than a conclusion of law, which is not admitted by the demurrer.

For these reasons the demurrer is sustained with leave to amend within 15 days.